IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  02-cv-02378-RPM

MICHELLE TAFOYA,

        Plaintiff,

v.

HUERFANO COUNTY SHERIFF JOHN SALAZAR and
ALAN RUIZ,

        Defendants.

ORDER GRANTING SHERIFF'S MOTION FOR SUMMARY JUDGMENT AND
MOTION TO DISMISS STATE LAW CLAIMS

        While serving a one-year sentence in the Huerfano County, Colorado jail, Michelle Tafoya was sexually assaulted by detention officer Alan Ruiz on December 21, 2001, and again on December 30, 2001.  On her claim for damages under 42 U.S.C. § 1983, she asserts that the assaults subjected her to cruel and unusual punishment in violation of her right to protection under the Eighth Amendment to the United States Constitution for which the defendant John Salazar is liable for a failure to adequately supervise her incarceration as was his duty as Huerfano County Sheriff.  Sheriff Salazar has filed a motion for summary judgment of dismissal based on insufficiency of the evidence to support that claim and asserting the defense of qualified immunity.  The parties have fully briefed the issues, and oral argument was heard on March 24, 2006.

        Liability of Sheriff Salazar depends upon the sufficiency of the evidence to

show that the constitutional deprivation occurred and that there is an affirmative link between that deprivation and his failure to exercise control or failure to supervise the detention officers he employed.  The co-defendant, Alan Ruiz, pleaded guilty to criminal charges arising out of these incidents and a Notice of Default was entered on the claims against him in this case.  It is assumed that these assaults violated the Eighth Amendment.

The question presented by the Sheriff's motion under Fed. R. Civ. P. 56 is whether the plaintiff has made a sufficient showing of available admissible evidence to support a finding that the Sheriff knew of and disregarded an excessive risk to the safety and health of female inmates.  He must both be aware of facts sufficient to support an inference that a substantial risk of serious harm exists and he must draw that inference.  *Farmer v. Brennan*, 511 U.S. 825 (1994).  Those findings by a jury will normally depend upon circumstantial evidence creating a fair inference.

The plaintiff has relied heavily on three prior civil actions brought by other female inmates who sustained sexual assaults by detention officers Robert Martinez and Dominick Gonzales in 1998.  They were subsequently suspended and convicted of criminal charges.  The evidence supporting the claims in those cases was summarized in an opinion of the Tenth Circuit Court of Appeals, reversing a summary judgment motion for the Sheriff as a defendant in *Gonzales v. Martinez,* 403 F.3d 1179 (10th Cir. 2005).  There the court held that a "lackadaisical attitude toward his responsibility to run the institution" may justify an inference of the culpable state of mind and that it is not required that the plaintiff prove knowledge that a particular

individual created the risk.  The defendant's qualified immunity agreement is that this ruling is a change in the law and that it was not clearly established that such indifference would result in liability in December, 2001.  That argument is rejected.  In *Barney v. Pulsipher,* 143 F.3d 1299 (10th Cir. 1998), the court said that evidence of previous incidents of sexual misconduct by jailers may support the necessary finding of knowledge that a danger of such harm exists.  If the assaults on Ms. Tafoya had occurred more proximate to the 1997-1998 time frame, the Salazar motion would be denied.  The focus of attention in this case is on the interval between the firing of Gonzales and Martinez and December, 2001.

Robert Martinez was the jail administrator when John Salazar was elected Sheriff in 1995 and was in that role when the 1998 assaults occurred.  After Martinez was fired, Sheriff Salazar was the direct jail supervisor until Larry Garbisio was appointed as the administrator in March or April, 2001, after three years experience as a detention officer in the jail.  There were no reports of inappropriate conduct of a sexual nature by any officers in the jail between the Martinez firing and the Ruiz assaults of Ms. Tafoya.  The Sheriff installed additional TV cameras to monitor more areas of the jail.  The monitors were in the control room.  There was no camera in the kitchen where Ms. Tafoya was working when she was assaulted by Ruiz.

The Huerfano County jail is on a single floor and at the times relevant here, there were only 11 employees covering three shifts.  The defendant Ruiz worked the graveyard shift from 12:00 a.m. to 8:00 a.m.  He also worked an unrelated day job.  A female detention officer was in the control room on his shift.

Sheriff Salazar hired Alan Ruiz on August 4, 1997, after interviewing him. Ruiz had no relevant prior experience. He had a DUI conviction and an arrest for disturbance in Denver in 1995. The Sheriff did not question Ruiz about his record. There is nothing in the submitted record to suggest that the defendant Salazar had any knowledge that Ruiz had a proclivity toward sexual crimes. The plaintiff has put forth the testimony of Joseph Tafoya, Michelle's uncle, that Ruiz made derogatory remarks in Spanish that the best position for female inmates was "legs up" and that Ruiz watched pornographic movies on cable in the control room. There is also testimony that the female corrections officer often slept on a mattress in the control room and may have been asleep when these incidents happened. It has been suggested that if Ruiz had been admitted into the kitchen by her, rather than using his key, there would have been a clicking noise alerting Ms. Tafoya to his approach. Acceptance of that suggestion does not lead to any further inference that the attacks would not have happened.

Ms. Tafoya did not report the December 21 assault to anyone. She said that she was afraid of reprisal. She did report the December 30 incident and was immediately taken to the hospital.

The plaintiff offers the affidavit of an expert witness, Tom Dalessandri, outlining many defects in the operation of the Huerfano County Jail under Sheriff Salazar. The primary criticism is the lack of training. Accepting these criticisms as valid, there is nothing to link these management defects to the conduct of Ruiz.

In sum, the plaintiff has failed to show that there is enough evidence to submit

4

to a jury the question of whether John Salazar should be held liable for the criminal conduct of Alan Ruiz directed to Michelle Tafoya on December 21 and December 30, 2001.

Defendant Salazar also moved for dismissal of the tort claims against him under Colorado law based on the statutory immunity granted by the Colorado Governmental Immunity Act. The plaintiff argues that his conduct was wilful and wanton. There is no evidence to support that claim.

Upon the foregoing, it is

ORDERED, that the motion for summary judgment of dismissal of the claim under 42 U.S.C. § 1983 by defendant John Salazar is granted and his motion to dismiss the remaining claims is granted. The Clerk shall enter a judgment dismissing Sheriff John Salazar from this civil action with an award of costs.

Dated:   March 28th, 2006

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge